IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jason Kelly, #287190, ) | |
| ) | Civil Action No. 0:13-2377-TMC |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Gregory Knowlin, ) | |
| ) | |
| Respondent. ) | |
| ) | |

    The petitioner is an inmate at the Turbeville Correctional Institution of the South Carolina Department of Corrections and is seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition without prejudice and without requiring the respondent to file an answer or return. (ECF No. 8.)  Specifically, the Report finds that the petition is successive and, thus, absent an order from the Fourth Circuit Court of Appeals authorizing review, this court lacks the jurisdiction to consider it.  The Report advised the petitioner of his right to file specific objections to the Report with this court.  In lieu of objections, the petitioner filed a "letter of agreement," stating that he does not oppose the Report and intends to seek an order from the Fourth Circuit allowing him to file a successive petition. (ECF No. 15-2.)

    The Report has no presumptive weight and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).  Rather, "in the

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina, this matter was initially referred to a magistrate judge.

absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case and given the rare mutual agreement between the court and the petitioner, the court finds no clear error and, therefore, adopts the Report and incorporates it herein by reference. Thus, the habeas petition is **DISMISSED** without prejudice and without requiring respondent to file a return.

In addition, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Court Judge

October 30, 2013
Anderson, South Carolina